77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony ESTERGARD, Defendant-Appellant.
 No. 95-30047.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1996.
Decided Feb. 8, 1996.
 
 Before: NOONAN, LEAVY and HAWKINS, Circuit Judges.
 MEMORANDUM*
 Appellant was convicted of possession with intent to distribute more than 100 grams of methamphetamine within 1000 feet of a school zone.[1] After appellant's conviction, appellant alleged that the government's discussions with its informant regarding the informant's potential share in forfeiture proceeds constituted outrageous government conduct requiring reversal of his conviction and dismissal of the indictment. The district court denied the motion.
 Appellant appeals the district court's decision to deny his outrageous government conduct motion. Appellant also asserts that the district court erred in (1) imposing a two-level sentencing enhancement for obstruction of justice; (2) refusing to depart downward on the basis of "imperfect entrapment;" and (3) refusing to depart downward on the basis of appellant's "significantly reduced mental capacity." We now affirm the denial of appellant's outrageous government conduct motion and the imposition of the obstruction of justice enhancement and dismiss for lack of jurisdiction appellant's challenges to the district court's discretionary decisions not to depart downward.
 
 I. OUTRAGEOUS GOVERNMENT CONDUCT
 
 1
 Appellant contends that the government's relationship with its informant was so outrageous so as to violate due process. Appellant argues that by telling its informant before the investigation of appellant was complete that the informant might collect up to ten percent of the total value of assets forfeited by appellant in the future, the government created an impermissibly high risk that the informant would manipulate the terms and conditions of the drug transaction in violation of appellant's due process rights. We disagree.
 
 
 2
 The informant had no control over the terms and conditions of the drug transaction. The informant neither manipulated the quantity of drugs involved nor attempted to influence the amount of property that might be subject to forfeiture. Moreover, the government monitored the drug transaction by audio and videotape, which did, in the words of the district court, "minimize [ ], if not eliminate [ ], the potential of the informant manufacturing evidence and providing unreliable testimony." Cf. United States v. McClelland, 72 F.3d 717 (9th Cir.1995) (refusing to dismiss an indictment for outrageous government conduct in part because the government verified an informant's story by taping conversations between the informant and the target). Because there is no evidence that the government's forfeiture discussion with its informant had any impact on the investigation or the drug transaction, we conclude that appellant does not satisfy the "extremely high" showing required to dismiss an indictment on outrageous government conduct grounds. United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991). Accordingly, we affirm the district court's denial of appellant's motion to dismiss the indictment.
 
 II. ENHANCEMENT FOR OBSTRUCTION OF JUSTICE
 
 3
 The district court concluded at appellant's sentencing hearing that a two-level enhancement for obstruction of justice was appropriate pursuant to guideline § 3C1.1. The district court based the enhancement on appellant's solicitation of the murder of the government's informant and on appellant's attempt to influence the testimony of witnesses appearing before the grand jury. We affirm the district court's enhancement.
 
 
 4
 The district court's conclusion that appellant solicited a fellow inmate, Charles Dunn, to injure or murder the government's informant was not clearly erroneous. Appellant admits discussing the murder of the government's informant with Dunn. Conversations taped by the government include appellant giving Dunn the name of someone who knew the informant's address and telling Dunn that Dunn need not take from the murder scene any sort of proof that the informant had been killed. Although the appellant apparently never gave the scheme his final approval, neither did appellant ever explicitly tell Dunn not to murder the informant. Because appellant's discussions with Dunn could be "reasonably construed as a threat" against the government's informant, we affirm the district court's two-level obstruction enhancement. See United States v. Dota, 33 F.3d 1179, 1190 (9th Cir.1994) ("[W]here a defendant's statements can be reasonably construed as a threat, even if they are not made directly to the threatened person, the defendant has obstructed justice."), cert. denied --- U.S. ----, ----, 115 S.Ct. 1432 (1995).[2]
 
 III. DECISION NOT TO DEPART DOWNWARD
 
 5
 At appellant's sentencing hearing, appellant asked the district court to depart downward from appellant's base offense level based on (1) "imperfect entrapment" and (2) appellant's mental capacity. The district court concluded that departure was not warranted on either ground. In each instance, the record establishes that the district court's decision not to depart downward was discretionary.[3] Because a discretionary refusal to depart from the Sentencing Guidelines is not reviewable on appeal, we dismiss appellant's challenge to the district court's refusal to depart downward for lack of jurisdiction. See United States v. Eaton, 31 F.3d 789, 792-93 (9th Cir.1994).
 
 
 6
 AFFIRMED in part and DISMISSED in part.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36.3
 
 
 [1]
 Although appellant was convicted of intent to distribute methamphetamine, the drug transaction at issue actually involved large quantities of phenylacetic acid, a controlled substance and a precursor chemical used in the manufacturing of methamphetamine
 
 
 [2]
 Because the district court's solicitation of murder finding is sufficient to support its enhancement for obstruction of justice, it is not necessary to discuss the district court's determination that appellant tampered with grand jury witnesses
 
 
 [3]
 Appellant cites United States v. Khoury, 62 F.3d 1138 (9th Cir.1995), for the proposition that remand for resentencing is appropriate if "it appears that the district court may have believed that it did not have such discretion [to depart downward]." Id. at 1141 (emphasis added). Because we believe the record establishes that the district court knew it had discretion to depart, Khoury does not require remand for resentencing